By the Court.
 

 Section 4785-91, General Code, provides that “Nominations of candidates for offices
 
 * * *
 
 may be made by petitions signed for
 
 each candidate
 
 by qualified electors of the state or
 
 the district
 
 or county, for which such candidates are nominated, not less in number than one per cent of the qualified electors voting at the next preceding general election for the office of governor in any
 
 such county, district,
 
 municipality or in the state * *
 

 It is apparent that the cited section does not permit the filing of a petition presenting the names of candidates for offices in different or overlapping districts, such as a congressional district and a senatorial district as in this proceeding.
 

 Anticipating that such a petition combining candidates for offices, in different districts might not be within the authorization of that section, the relators plead in the alternative that the petition be effective as presenting candidates for the offices of congressman from the 14th Congressional District, for representatives in the General Assembly and for sheriff of Summit county. The granting of such an alternative prayer would be sustaining the position that candidates may be nominated for offices in different or overlapping districts in the same petition.
 

 Furthermore, to sustain such alternative prayer would, in fact, change the purpose of the petition from a combined group petition to a limited group petition and be tantamount to filing a new petition
 
 *10
 
 at a date later than that provided in Section 4785-92, General Code. '
 

 The demurrer to the petition will be sustained, and relators not desiring to plead further, a writ of mandamus will be denied.
 

 Writ denied.
 

 Weygandt, 0. J., Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.